**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

JACOBUS A. ODYK,

Plaintiff,

vs.

EDWARD MCLEAN, ET. AL.,

Defendants.

Cause No. CV-04-199-M-LBE

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Complaint, which he filed on September 29, 2004, pursuant to 42 U.S.C. § 1983. (Dkt. #1). Along with his Complaint, Plaintiff filed a Motion asking the Court to allow him to proceed *in forma pauperis*. (Dkt. #2). On January 25, 2005, the Court mailed Plaintiff a letter advising him that the Court had received his Complaint and Motion, and providing Plaintiff with the cause number assigned to his case. (Dkt. #3). In that letter, the Court also informed Plaintiff he must notify the Court if his mailing address changed. The Postal Service returned the letter to the Court on January 28, 2005. The letter was unopened and marked, "Refused, inmate released." (*Id.*).

On June 15, 2005, this Court issued an Order granting Plaintiff's Motion to Proceed *In Forma Pauperis*, and ordering

Plaintiff to provide the Court with his current address on or before June 30, 2005. (Dkt. # 4). In that Order, the Court informed Plaintiff that a failure to notify the Court of his current address could result in dismissal of his action. On June 20, 2005, that Order was returned to the Court unopened with the notation that Plaintiff had been released. The Court has received no correspondence from Plaintiff since the initial filing of his Complaint and Motion on September 29, 2004, and Plaintiff has not notified the Court of his current mailing address.

On September 29, 2005, this Court issued an Order to show cause why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. (Dkt. # 6). Again, that Order was returned in the mail (Dkt. # 7) and Plaintiff filed nothing in response to the Order.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less

drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiff's failure to update the Court with his current address, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983). This Court's local rules require parties to keep the Court updated with their current address. Plaintiff has failed to do so. In addition, the Court attempted to send Plaintiff a letter advising him of his obligation to keep his address updated but that letter was returned in the mail. The Court must be able to manage its docket. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of

the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not been served in this matter. However, given Plaintiff's failure to provide an updated address, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. Id. Here, Plaintiff has left the Court with no alternatives as the Court has no way to contact him. The Court has the authority to dismiss a claim when a party fails to notify the Court of a change of address. Rule 5.4 of the Local Rules of Procedure for the United States District Court for the District of Montana states:

> (a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) Dismissal Due to Failure to Notify. The Court may dismiss a complaint without prejudice or strike an answer when:
>
> > 1) mail directed to the attorney or *pro se* party by the Court has been returned to the Court as not deliverable; and

> 2) the Court fails to receive within 60 days of this return a written communication from the attorney or *pro se* party indicating a current address.

Documents sent to Plaintiff on January 25, 2005, June 20, 2005 (Dkt. # 4), and September 29, 2005 (Dkt. # 6) were all returned to the Court as undeliverable (Dkt. #s 3, 5, 7) and it has been over a year and a half without any notice from Plaintiff of his current address.

Although the Court could grant Plaintiff additional time to respond, this alternative appears futile given Plaintiff's failure to keep the Court apprised of his current address. Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has refused to provide the Court with an updated mailing address and the Court finding that the relevant factors weigh in favor of dismissing

the Complaint filed pursuant to 42 U.S.C. 1983, the Court enters the following:

**RECOMMENDATION**

That Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 24th day of May, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge